No. 24-3124

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

CRIMINAL
_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

KRISTOPHER RAPHAEL OWENS,

*Appellant.*
_____

APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

**BRIEF OF APPELLANT KRISTOPHER RAPHAEL OWENS**
_____

| | |
|---|---|
| Kevin W. DeVore | David P. Steinkamp |
| DeVore Law Office, P.A. | U.S. Attorney's Office |
| 724 Bielenberg Drive | District of Minnesota |
| Suite 110 | 300 South Fourth Street #600 |
| Woodbury, MN 55125 | Minneapolis, MN 55415 |
| | |
| Attorney for Appellant | Attorneys for Appellee |

# SUMMARY OF THE CASE

On March 13, 2024, the defendant, Kristopher Raphael Owens, pled guilty to Count 1, possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On October 3, 2024, Mr. Owens was sentenced to 144 months.

Mr. Owens now appeals his sentence. After a review of all court papers and transcripts, counsel respectfully submits this brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), arguing that the district court erred by imposing a sentence that was substantively unreasonable. Appellant does not request oral argument.

## TABLE OF CONTENTS

**SUMMARY OF THE CASE** ................................................................................... i

**TABLE OF AUTHORITIES** ................................................................................ iii

**JURISDICTIONAL STATEMENT** ....................................................................... 1

**STATEMENT OF THE ISSUE** .............................................................................. 2

    1.    **Whether Mr. Owens's sentence is substantively unreasonable?** .... 2

**STATEMENT OF THE CASE** ............................................................................... 3

**SUMMARY OF THE ARGUMENT** ..................................................................... 5

**ARGUMENT** ........................................................................................................... 6

    I.    **Mr. Owens's sentence is substantively unreasonable.** ...................... 6

**CONCLUSION** ........................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California*,
    386 U.S. 738 (1967) ................................................................................6, 9

*United States v. Dautovic*,
    763 F.3d 927 (8th Cir. 2014) .................................................................7

*United States v. Feemester*,
    572 F.3d 455 (8th Cir. 2009(en banc)) ..................................................8

*United States v. Green*,
    691 F.3d 960 (9th Cir. 2012) .................................................................6

*United States v. Jeffries*,
    615 F.3d 909 (8th Cir. 2010) .................................................................6

*United States v. Kane*,
    639 F.3d 1121 (8th Cir. 2011) ...............................................................7

*United States v. Manning*,
    738 F.3d 937 (8th Cir. 2014) .................................................................6

*United States v. Martinez*,
    821 F.3d 984 (8th Cir. 2016) .................................................................7

*United States v. Miller*,
    557 F.3d 910 (8th Cir. 2009) .................................................................6

*United States v. Miner*,
    544 F.3d 930 (8th Cir. 2008) ..............................................................6, 7

*United States v. Pizano*,
    403 F.3d 991 (8th Cir. 2005) .................................................................6

*United States v. Shuler*,
    598 F.3d 444 (8th Cir. 2010) .................................................................6

*United States v. VandeBrake,*
    679 F.3d 1030 (8th Cir. 2012) ............................................................2, 8

**Statutes**

18 U.S.C. § 3231 ...............................................................................................1

18 U.S.C. § 3553(a) ..................................................................................... passim

21 U.S.C. § 841(b)(1)(C) ................................................................................ i, 1, 3

21 U.S.C. §§ 841(a)(1) .................................................................................... i, 1, 3

28 U.S.C. § 1291 (2012) ...................................................................................1

**Rules**

Fed. R. App. P. 4(b)(1)(A)(i) .............................................................................1

# JURISDICTIONAL STATEMENT

<u>The decision appealed</u>: Defendant, Kristopher Raphael Owens, appeals from the judgment of conviction and sentence entered against him on October 3, 2024, in the District of Minnesota, in violation of Count 1, possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Mr. Owens was sentenced to 144 months as to Count 1. He appeals his sentence.

<u>Jurisdiction of the court below</u>: The United States District Court had jurisdiction over Mr. Owens' federal criminal case pursuant to 18 U.S.C. § 3231: "The district courts of the United States shall have original jurisdiction . . . of all offenses against the law of the United States."

<u>Jurisdiction of this Court</u>: This Court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291 (2012): "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

Mr. Owens filed a timely notice of appeal on October 17, 2024, from the judgment formally entered on October 7, 2024. *See* Fed. R. App. P. 4(b)(1)(A)(i).

# STATEMENT OF THE ISSUE

1. Whether Mr. Owens's sentence is substantively unreasonable?

**Apposite Authority:** *United States v. VandeBrake,* 679 F.3d 1030 (8th Cir. 2012); 18 U.S.C. § 3553(a)

# STATEMENT OF THE CASE

<u>Nature of the Case:</u>  This is a direct appeal by the defendant, Kristopher Raphael Owens, following a plea and sentence in the District of Minnesota on Count 1, Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Mr. Owens challenges his sentence as a substantively unreasonable sentence.

<u>Factual and Procedural Background</u>:

On April 27, 2023, a one-count Indictment was filed in the District of Minnesota charging Kristopher Raphael Owens with Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl on November 28, 2022, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

On March 13, 2024, Mr. Owens appeared before United States District Court Judge Joan N. Ericksen and pleaded guilty as charged in the Indictment. On June 6, 2023, Mr. Owens appeared again before United States District Court Judge Joan N. Ericksen, for sentencing.  Mr. Owens filed a motion for downward variance. (R. Doc. 68.) Mr. Owens also objected to the PSR's recommendation that he should be considered a career criminal and argued to the Court to disregard the career criminal application and sentence him to imprisonment of 84 months. (R. Doc. 67.) The Court denied defense's request, found the career offender

application to be appropriate, and ordered Mr. Owens to serve 144 months in prison. (R. Doc. 75.)

Mr. Owens appeals this sentence.

# SUMMARY OF THE ARGUMENT

Mr. Owens argues one issue on appeal: whether the sentence imposed was substantively unreasonable.

**ARGUMENT**

This brief is filed pursuant to the direction of *Anders v. California*, 386 U.S. 738, 744-45 (1967). Counsel directs the Court to "anything in the record that might arguably support the appeal." (*Id*. at 744.)

**I.  Mr. Owens's sentence is substantively unreasonable.**

Standard of review.  Mr. Owens challenges his sentence as substantively unreasonable. "A defendant need not object to preserve an attack on the length of the sentence imposed if he alleges only that the District Court erred in weighing the § 3553(a) factors." *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009).

Mr. Owens's sentence is reviewed for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jeffries*, 615 F.3d 909, 910 (8th Cir. 2010); *United States v. Miner*, 544 F.3d 930, 943 (8th Cir. 2008); *United States v. Pizano*, 403 F.3d 991, 995 (8th Cir. 2005). This is the equivalent of an abuse of distraction review. *United States v. Green*, 691 F.3d 960, 966 (9th Cir. 2012) ("We review the substantive reasonableness of a sentence under a differential abuse-of-discretion standard."); accord *United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014). This "narrow and deferential" review means that only an "unusual case" will warrant a finding of a substantively unreasonable sentence. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010).

However, substantive reasonableness review is not a "hollow gesture." *United States v. Kane*, 639 F.3d 1121, 1135 (8th Cir. 2011); see also *United States v. Martinez*, 821 F.3d 984, 989 (8th Cir. 2016) (reversing sentence because district court erred in finding defendant was a career offender and the alternative basis for sentence, specifically an upward variance, resulted in an unreasonable sentence); *United States v. Dautovic*, 763 F.3d 927, 934-35 (8th Cir. 2014) (finding 20-month sentence substantively unreasonable). An extreme sentence that reflects an "unreasonable weighing" of the relevant sentencing factors remains subject to correction on appeal. *Dautovic*, 763 F.3d at 934-35. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Miner*, 544 F.3d at 932.

Merits: Mr. Owens respectively submits that the district court abused its discretion by denying his request to be sentence without the career offender application and that he should have received a sentence of 84 months or less. Alternatively, the court committed a clear error by improperly weighing the sentencing factors and by imposing a sentence that was substantially greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

7

The Court of Appeals reviews variance decisions "under a standard akin to an abuse-of-discretion standard, cognizant that it will be the unusual case when [it] reverse[s] a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable." *United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012) (quotation marks and some citations omitted (quoting *United States v. Feemester*, 572 F.3d 455, 464 (8th Cir. 2009(en banc)).

Here, the 18 U.S.C. § 3553(a) factors pointed only one way: to a sentence of no more than 84 months total. A sentence of 84 months or less would have been sufficient but not greater than necessary, to achieve the ends of justice under the facts and circumstances of this case. *See* 18 U.S.C. § 3553(a). Mr. Owens is a 31-year-old man who has had an extremely difficult upbringing with very little support system. (PSR p. 16.) Mr. Owens has led a tragic life in many respects. Yet, he is intelligent and eager to make something of himself. If not for his serious addiction to controlled substances, Mr. Owens never would have put himself in this position.

Mr. Owens respectfully submits that upon consideration of all the Section 3553(a) factors, the district court erred by imposing a sentence of 144 months, and by failing to instead grant a larger downward variance to 84 months or less. When considering the totality of the circumstances in this case, a sentence of 84 months

is more than enough to achieve the familiar goals of sentencing under Section 3553(a). Alternatively, a sentence of 144 months is substantively unreasonable and unnecessary.

## CONCLUSION

For the above reasons, Mr. Owens respectfully submits that this Court should reverse and remand the case for resentencing of no more than 84 months.

The undersigned counsel contemporaneously is submitting a separate motion to withdraw in conformation with *Anders v. California*, 386 U.S. 738 (1967).

Respectfully submitted,

Dated: November 25, 2024.    DEVORE LAW OFFICE, P.A.

By: *s/ Kevin W. DeVore*
Kevin W. DeVore (MN #267302)
724 Bielenberg Drive, Suite 110
Woodbury, MN 55125
Telephone: (651) 435-6500
*Attorneys for Appellant*

# CERTIFICATE OF COMPLIANCE

Kevin W. DeVore, attorney for Appellant, certifies this brief complies with the type of volume limitations contained in Rule 32(a)(7) as follows:

There are 1,320 words in this brief, excluding the table of contents, table of authorities, signature block and certificate of service, as counted by the word-processing system, Microsoft Word for Microsoft 365, 14pt font, used to generate the motion.

Dated:  November 25, 2024.          By: *s/Kevin W. DeVore*

# CERTIFICATE OF SERVICE

I hereby certify that, on November 25, 2024, I electronically filed Appellants' Brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system. I further certify that the electronic version of the foregoing has been scanned for viruses and is virus free.

Dated: November 25, 2024          By: *s/Kevin W. DeVore*